## No. 11,460.

### JAMES A. HYDE vs. CHARLES H. TEAL.

ON THE MOTION TO DISMISS.

The affidavit of plaintiff in support of his petition for an injunction places the damages at issue in the suit at over two thousand dollars.

The charge that they are fictitious and inflated to give this court jurisdiction is not sustained by the facts.

Motion to dismiss fails.

ON THE MERITS.

The police jury passed an ordinance changing the direction of a public road.

To annul this ordinance, at the instance of an individual, an interest must be established.

A strip of land between the public road and the landing, to which plaintiff hauled his freight for shipment, is the private property of the defendant.

Before obtaining the right of passing over this strip of land, plaintiff is without interest and can not sustain an action to compel the defendant, acting under an ordinance of the police jury, to remove an obstruction placed on the road which prevents plaintiff from hauling his freight over defendant's land to the landing on the river.

The injunction issued did not restrain; it was suspended *pendente lite*; the damages claimed are therefore not allowed.

APPEAL from the Fourth District Court, Parish of Grant. *Wear, J.*

*Robt. P. Hunter* Attorney for Plaintiff and Appellant:

The banks of a navigable stream are public property; any one may freely land their boats, tie to the trees growing there; drag nets, deposits goods, etc. Civil Code, Art. 453; 15 An. 544-577; 33 An. 371; 40 An. 253.

There is a servitude of way in favor of the public along the banks of navigable streams for levees and a public road. Civil Code, Art. 695; 35 An. 784; 34 An. 498, 85; 40 An. 253; 42 An. 614; 43 An. 275; 15 An. 544; 33 An. 371; 15 An. 577; 13 An. 129; 10 An. 171, 523; 6 An. 450; 3 An. 482; 14 An. 285.

All roads opened by the Legislature, by the police juries and by private individuals along their fronts are public roads, and can

only be changed by the police jury by appointing a jury of six freeholders, who must be sworn as such. Revised Statutes, Secs. 3368, 3369; Torres vs. Falgoust, 33 An. 560; 3 An. 482; 17 An. 172.

No one may obstruct a public road by building a fence across it, or laying timbers on it, etc. Revised Statutes, Secs. 3379, 3380; Black vs. Towboat Co., 31 An. 497; McDonough vs. Calloway, 7 Rob. 442.

One whose property is enclosed by that of others has the right of egress and ingress to and from the public road or a free water course. Barbin vs. Police Jury, 15 An. 544; 35 An. 784; Railroad Co. vs. McCloskey; Civil Code, Art. 702.

Any person may sue by injunction to prevent another from committing a public nuisance by enclosing a street, road or other public place. Dudley vs. Tilton, 14 An. 281; 7 Rob. 442; 31 An. 497; Torres vs. Falgoust, 33 An. 560; same case, 33 An. 760-6; Stevens vs. Walker, 15 An. 577; New Orleans vs. Gravier, 11 Martin, 620; Goodwill vs. Police Jury, 38 An. 755; 20 An. 226; Gravier vs. Judge, 33 An. 760; Code Practice, Art. 298, No. 4.

The issuance of such an injunction in a prohibitory form is a matter of right and not of discretion with the judge. 7 Rob. 442; McDonough vs. Galloway; Black vs. Towboat Company, 31 An. 497; 31 An. 499; 29 An. 795; 34 An. 784; 33 An. 108; 36 An. 561; C. P. 303; 33 An. 560.

A suspensive appeal lies from an order dissolving the injunction on bond leaving the injunction in force pending the appeal; this is a settled constitutional right. Sentell vs. Judge, 38 An. 31; Sigur vs. Judge, 33 An. 133; 22 An. 512; 24 An. 154; Torres vs. Falgoust, 33 An. 560, 760; 1 N. S. 73; 3 Rob. 103; 11 Rob. 453; 14 An. 57; 7 Rob. 442; 12 An. 455; 22 An. 512.

If a suspensive appeal lies from the order dissolving the injunction on bond, it was a denial of a plain right and of justice for the lower judge, in this case, to suspend the injunction by his mere verbal order, and never allow it to go into effect at all. No authority was or can be shown to justify such a course.

It was and is " adding insult to injury" when on the trial he dis-solved the injunction, gave one hundred and fifty dollars damages against plaintiff, as if it had been enforced *pendente lite*, and then refused to plaintiff a suspensive appeal, which would leave the injunction in force.

*W. C. Roberts* and *Henry Bernstein* Attorneys for Defendant and Appellee:

It is a well settled fact that when a demand for damages is engrafted on the principal demand, and when such demand for damages is fictitious and inflated for the purpose of giving the Supreme Court jurisdiction, the appeal should be dismissed. 38 An. 891, Atwood vs. Cushing; 36 An. 287, March, Tutrix, vs. L. McNeely *et al.*; 34 An. 1025, Kelly vs. Bernstein; 13 An. 336. Rutherford vs. Hennen; 21 An. 745; 9 An. 3; 1 An. 310; 6 An. 735 and 4 An. 213, and authorities therein cited.

Attorney's fees are not recoverable by plaintiff in injunction in the same suit. 28 An. 729, Chapies vs. Preston; 20 An. 573, Bank of N. O. vs. Toledano; 14 An. 701.

Attorney's fees not being thus recoverable can not be computed in calculating the appealable amount. 36 An. 288, March, Tutrix, vs. L. McNeely *et al.*

In determining whether or not the damages claimed are fictitious and inflated the court should look to the nature of the action and the evidence offered, and if it appears therefrom that the damages claimed are vague, speculative and rambling, such claim can not be taken into consideration in computing the appealable amount. 38 An. 801, Manning's unreported cases, Atwood vs. Cushing; 6 An. 735; 4 An. 213, 13 An. 336; Rutherford vs. Hennen.

The value put upon the right claimed by plaintiff in his petition is the test of the jurisdiction of the Supreme Court. 35 An. 785, R. R. Co. vs. McClosky *et al.*

A mandatory injunction can not issue *pendente lite.* 31 An. 497, Black vs. Good Intent Towboat Co.

An injunction can not issue to restrain an act already accomplished. 31 An. 105, Trevene vs. School Board.

A preliminary injunction can not issue to oust one in possession. 36 An. 561, Railroad Co. vs. Railroad Co.; 41 An 951, State *ex rel.* Raymond vs. Judge.

An individual has no capacity to complain of a common injury. L. Digest, p. 310, No. 8, citing 1st Woods, p. 124, Morgan vs. Graham.

The bank of a river or stream, in a legal sense, is "that which contains it in its ordinary state of high water." Revised C. C., Art. 457.

Servitudes imposed for public utility on the banks of navigable streams are regulated by special laws. Revised C. C., Art. 665, 16 A. P. 231.

The only right of passage guaranteed by the law is the right of one whose estate is enclosed to have an outlet to a public road, and even this right is burdened with the charge of indemnification for the damages the party may suffer across whose property the passage goes. Revised C. C., Arts. 669 and 702; Martin *et al.* vs. Patin *et al.*, 16 La., p. 55.

The right of passage should be restricted within those cases coming clearly within the provisions of the law. Martin *et al.* vs. Patin *et al.*, above cited.

The right to the use of the banks of navigable streams granted under Article 455 of the Revised Civil Code is a right of use to the public *when navigating the stream*, and is *restricted* to such uses as are therein specified, " the landing of vessels, drying of nets, etc." 38 An. 415; 12 An. 655; 6 An. 450; 5 An. 37.

---

The opinion of the court was delivered by

BREAUX, J. There is a landing place on the Red river, about a mile above the town of Colfax, known as Buckeye Landing. The old road from that town to that landing, about the distance just stated, runs along the bank of the river.

At Buckeye Landing this road leaves the bank of the river; turns at right angles, and runs through a lane a short distance, thence parallel to and along the bank of Boggy Bayou.

Plaintiff is a merchant, and Buckeye Landing is the nearest landing to his store.

Since 1887 he receives and ships his freight at this landing, by the boats navigating Red river.

Two or three others, dealers in lumber, shipped lumber from this point.

The plaintiff sought to enjoin the defendant, who is a merchant, to prevent him from fencing this road, and to compel him to remove his fence.

He says that the defendant, moved by business rivalry and jealousy, recently built a fence across the public road leading from his store to the landing on the river, thereby stopping him and the

public from all use of the road to the landing and the landing itself.

The damages alleged, consisting of injury to business, actual loss and other items, aggregating three thousand seven hundred and fifty dollars.

In his petition for an injunction he prays that the defendant be restrained from interfering with his access to the landing, and that he be ordered to remove the fences, and that the sheriff enforce compliance with the order.

The papers were served on the defendant. The sheriff was notified by the district judge not to enforce the writ of injunction.

The defendant in his answer denies that he acted arbitrarily as charged, or that he was actuated by a desire to thwart and annoy plaintiff in his business.

In a motion to dissolve, which was referred to be tried with the merits, he sets up that an injunction will not issue to restrain an accomplished act; that he can not by an injunction be ousted of possession, and that plaintiff is without capacity to champion a cause alleged by him to be public.

The judgment appealed from rejects plaintiff's demands, dissolves the injunction and sets aside the order to remove the fence (the order previously suspended by the judge), and decreed that defendant's reconventional demand be sustained to the amount of one hundred and fifty dollars, damages as attorney's fees.

From this judgment the plaintiff appeals.

On the trial it was shown that the police jury passed an ordinance to authorize the defendant to move the road back some distance.

The change in the road, the defendant contends, was made necessary by the caving banks extending into and taking away a portion of the road.

He also contends that the river at its most extreme flood has never reached Buckeye Landing, and that it is, therefore, not on the bank of the Red river.

The record shows there is a strip of land between the public road and the Buckeye Landing, of some thirty-five or forty yards, i. e., between the road and landing at the point the road leaves the direction parallel to the river and turns at right angles and runs toward plaintiff's place.

It is admitted that the defendant is the owner of the land all the

way from where the new road, referred to in the pleadings, commences, to the town of Colfax, and that his lands extend from the new road to the river, as shown by a map annexed to the record.

The defendant and appellee moves to dismiss the appeal on the ground that the court is without judisdiction *ratione materiæ* and urges that the damages claimed are fictitious and inflated.

### On Motion to Dismiss for Want of Jurisdiction Ratione Materiæ.

The allegations for the injunction are supported by the required affidavit.

Plaintiff represents in his petition that the fences of which he complains effectively obstruct all transportation to or from the landing at which he received freight or from which he shipped produce to the market.

That these obstructions seriously interfered with his business and placed him to considerable disadvantage as compared to those who are more favored in this respect.

Other causes of loss are alleged and supported by his affidavit.

Judged by reference to the premises stated and pleaded by the plaintiff the amount of damages do not appear to have been fixed with the view only of giving this court jurisdiction.

There are items of damages claimed which can not be added in computing the appealable amount.

Sufficient of the damages laid, however, remain to save the demand from being considered entirely unfounded.

The amount thus remaining, in so far as relates to jurisdiction, is within the jurisdiction of the court.

. The premises upon which the plaintiff relies may be error, but arguing in support of the grievances he alleges, and assuming for the purpose of testing a question of jurisdiction that the law he invokes bears him out, the court has jurisdiction of the case.

In reference to the damages the defendant claims one thousand and nine hundred dollars.

This does not give this court jurisdiction.   It can not be calculated in determining the question of jurisdiction.

But these damages, as claimed, in a measure corroborate plaintiff's jurisdictional allegations.

Arising from the same differences between the parties the amount

claimed by the defendant makes it not unreasonable that plaintiff should claim jurisdiction on the ground that his damages exceed two thousand dollars.

### On the Merits.

The gravamen of plaintiff's petition is, the right of shipping freight and receiving freight at Buckeye Landing and of passing over the public roads leading to that place.

The grounds set forth all converge to the maintenance of that alleged right.

Each item of the damages claimed is laid as arising from the obstructions across the public road which prevent access to the landing.

The action of the police jury is assailed in so far as that body may have sanctioned the closing of the road.

If there were no landing at the place on the river, referred to in the petition, the damages would be groundless, for they all point to the alleged injury suffered by plaintiff in his business, not because of the closing of the public road *per se*, but on account of the impediment to his shipments.

He shows no other interest in the public road.

Plaintiff does not sustain the right he claims—that which moved him to bring the suit.

It therefore can not be a matter of any concern to him that the police jury authorized a change in the road over defendant's land.

Should the fence be pulled down, the short distance in the public road, leading to the river, in the direction of Buckeye Landing, would not be of any service to any one, for the strip of land between the road and the landing is an obstacle, in this case, entirely in the control of the owner—the defendant.

If the road ran to the landing, there would then arise an interest that would enable plaintiff to sustain his action.

In Railroad Co. vs. McCloskey, 35 An. 785, to which our attention is directed by plaintiff's counsel, " the defendants had a *right of way to and from the pavilion*," and " that for their purposes they need, and are entitled to, the use of a wagon." (Italics are ours.) The court in that case sustained the claim to a right of way to the pavilion.

In another case, under the same head-note as that under which the case in 35 An. is cited, we are referred to the case of Barbin

vs. Police Jury, 15 An. 544, in which it was held that "when the action of the police jury made the road a public highway, it became subject to the use not only of all the citizens of the parish of Avoyelles, but of the whole State.

This was a controversy between the police jury and a private individual, who sought to obtain compensation for his private road, subsequently established as a public road. The right of the public to use the road was absolute.

In the case at bar the plaintiff seeks to have a road reopened, only that he may be enabled to transport his freight to a landing on the river, which he can not reach if his prayer be granted.

In Torres vs. Falgoust, 33 An. 560, another case cited by plaintiff, the road was a public road, and necessary to the plaintiffs, as part of the public, in the carrying on of their agricultural operations and the transportation of their crops to market. There was no question of passing over land not dedicated to public use.

We have read all the decisions cited.

They do not support the proposition that roads can be ordered reopened so that a particular person may haul his freight over private property to a landing.

A road may be established over private property.

Though it is of little value, that value must be compensated and the right secured in conformity with the provisions of the statutes upon the subject.

The owner without a road to whom his neighbor obstinately refuses a passage over a strip of land ought not to lose, through the caprice or hostility of an unreasonable neighbor. But to prevent the abuse of a principle so delicate in the laws of property, rules are laid down which should be literally followed, in order not to disturb the stability in the right to property. The law gives him a remedy.

The rules have not been complied with by plaintiff and no attempt has been made by him under the law to obtain the right of passage over the private property of the defendant. Article 497 of the Civil Code declares, "that no one can be deprived of his property unless for some purpose of public utility, and in consideration of an equitable and previous indemnity, and in a manner previously prescribed by law."

Granted, that the banks of a navigable stream are public property, and that any one may freely land their boats, tie to trees and de-

posit their goods on navigable streams, that there is a servitude of way in favor of the public along the banks of navigable streams for levees and public roads, and that no one may obstruct a public road by building a fence across it without authority, it does not follow that a plaintiff can have annulled the proceedings of a police jury, changing the direction of a public road, in order that he may retain the privilege of reaching a landing place on a public stream over the lands of private individuals.

These landings may be reached over public roads running to them, but not by passing over the land of private owners.

The road known as the old road—that which was closed under an ordinance of the police jury—did not extend to Buckeye Landing, and therefore did not give to the plaintiff the right for which he contends.

In Denniston vs. Walton, 8 R. 214, the court says: "The lot leased extends from the public road to the water's edge. Whatever space there is between the levee and the road is private property, and the owner is entitled to the exclusive use of it. With respect to the part which extends from the levee to the river, the owner may use it, provided he does not prevent the use of it by others, as regulated by the articles of the code referred to and in conformity to the police regulations"

This principle is iterated in Carrollton R. R. Co. vs. Winthrop, 5 An. 36.

The record discloses that the banks of the river at this point are above the ordinary state of high water, and that the landing above the bank does not extend to the old road.

The space between the road and landing is private property, and not subject to the right claimed.

This intervening land is not part of the banks, nor a part of the road. Without a servitude of way over that strip plaintiff has no cause of action; there are no approaches to the landing subject to right of way.

### THE INJUNCTION.

The demand of plaintiff has been considered by us without reference to the injunction to which it was an incident.

It was possible to dismiss the injunction or suspend its effect without touching the main demand.

The injunction contains two demands—the principal one and the

conservatory demand.   The latter may be dismissed without necessarily carrying with it the dismissal of the former.   Knox vs. Coroner, 13 An. 88.

In the case at bar there was not a dismissal, but an absolute suspension of the order after it had been issued.

The injunction did not affect anything; it was null in its effect; an injunction that did not restrain.

In Beer vs. Dirmeyer, 28 An. 136, the court granted a rule *nisi*, and after hearing depositions on each side refused to grant the injunction sued for.

No rule *nisi* was issued in the case under consideration, but immediately after having granted the order of injunction an order was issued to prevent its enforcement; in effect operating as if it had been refused in the first instance on a rule *nisi*.

The controlling reason in the cited case applies in the present case.
The principal demand remained and was decided.

The court refused to grant a suspensive appeal to the plaintiff' and thereby enable him, so far as is related to the injunction, to make it effective *pendente lite*.   It remains suspensive as originally ordered.

The defendant has no right to the damages allowed to the defendant in reconvention, and in that respect the judgment must be amended.

It is therefore ordered, adjudged and decreed that the judgment herein be amended by rejecting the reconventional demand for one hundred and fifty dollars and by striking out this amount allowed to the defendant in the judgment appealed from, and that as amended it be affirmed, and that the defendant and appellee pay the costs of appeal.

Rehearing refused.